UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRADY KRZYWKOWSKI,

      Plaintiff,

      v.

MIKE DAVIS, *et al.*,

      Defendants.

Civil Action 2:24-cv-3902
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, sues a number of employees of the Ohio Department of Rehabilitation and Correction for breach of a settlement agreement protecting Plaintiff's religious accommodations and for retaliation in violation of the First Amendment. This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (ECF No. 51), Plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings (ECF No. 58), Plaintiff's Motion to Compel Discovery and Appoint Counsel (ECF No. 63), and Plaintiff's Motion for Partial Summary Judgment on the Pleadings (ECF No. 68). For the reasons below, Plaintiff's Motion to Strike (ECF No. 58) is **DENIED**, Plaintiff's Motion to Appoint Counsel (ECF No. 63) is **DENIED**, and it is **RECOMMENDED** that both Defendants' Motion for Judgment on the Pleadings and Plaintiff's Motion for Partial Summary Judgment on the Pleadings be **DENIED**.

## I.      BACKGROUND

Plaintiff alleges that Defendants breached a settlement agreement concerning Plaintiff's religious accommodations and transferred him to a different facility, both to avoid their contractual obligations and to retaliate against Plaintiff for exercising his First Amendment rights.[1] (Am. Compl., ECF No. 5.) On October 22, 2024, the undersigned issued an Order and Report and Recommendation ("R&R," ECF No. 33), which was adopted by the District Judge on December, 2, 2024, after the parties declined to file any objections (ECF No. 41). That R&R both screened Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915, 1915A and resolved Defendants' Motion to Dismiss (ECF No. 4). After analyzing the sufficiency of the Amended Complaint under §§ 1915 and 1915A and Federal Rule of Civil Procedure 12(b)(6) (all of which require the application of the same standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), the Court granted Defendants' Motion to Dismiss in part, but allowed Plaintiff to proceed on his claims for breach of contract and for First Amendment retaliation. (ECF Nos. 33, 41.)

Defendants filed the subject Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) ("MJOP," ECF No. 51) on December 23, 2024. Plaintiff moved to strike Defendant's MJOP on January 7, 2025 (ECF No. 58.) Plaintiff also for the appointment of counsel on January 22, 2025. (ECF No. 63). Finally, Plaintiff also moved for "partial summary judgment on the pleadings," which the Court construes as a motion for summary judgment under Rule 56, on February 20, 2025. (ECF No. 68.)

## II.      PLAINTIFF'S ANCILLARY MOTIONS

Plaintiff moves to strike Defendants' MJOP as duplicative of Defendants' Motion to Dismiss and procedurally improper under Federal Rule of Civil Procedure 12. (ECF No. 58.)

---

[1] The undersigned incorporates by reference the more detailed recitation of the facts underlying Plaintiff's claims contained in the October 22, 2024 Report and Recommendation (ECF No. 33).

Although the MJOP largely repeats Defendants' arguments as to the merits of Plaintiff breach-of-contract and retaliation claims, it also raises new arguments about subject-matter jurisdiction and qualified immunity. Further, "a party may file a Rule 12(c) motion for judgment on the pleadings at a later stage in the litigation, even if the party has filed a previous motion under Rule 12." *Boulger v. Woods*, 306 F. Supp. 3d 985, 995 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019). There are therefore no grounds to strike Defendant's MJOP and Plaintiff's Motion to Strike is **DENIED**.

Additionally, Plaintiff seeks to compel Defendants to provide contact information for Defendants Foley, May, and Smith so that service of process may be effected over them. (ECF No. 63.) However, Defendants have since provided all necessary information and all Defendants have been served. (*See* ECF Nos. 72, 75.) Plaintiff's Motion to Compel Discovery (ECF No. 63) is therefore **DENIED AS MOOT**.

Plaintiff also moves, for the third time, for the appointment of counsel. (ECF No. 63.) For the same reasons contained in the Court's previous orders denying similar motions (ECF Nos. 38, 43), Plaintiff's Motion to Appoint Counsel is **DENIED**.

## III.    DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### A.    Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the Court must take "all well-pleaded material allegations of the pleadings of the opposing party as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "A

Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Rawe*, 462 F.3d at 526 (cleaned up).

"Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (citing *Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). Under Rule 12(b)(6), "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). However, a court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir.1991)).

**B.      The Court has supplemental jurisdiction over Plaintiff's breach-of-contract claim.**

Defendants first contend that the Court lacks subject-matter jurisdiction over Plaintiff's breach-of-contract claim. The undersigned disagrees. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (cleaned up). "The claims must also be such that a plaintiff would be expected to try them in one judicial proceeding." *Michigan Bell Tel. Co. v. MCIMetro Access Transmission Servs., Inc.*, 323 F.3d 348, 355 (6th Cir. 2003).

Defendants acknowledge that the Court has original jurisdiction over Plaintiff's First Amendment retaliation claim, and the undersigned has no trouble concluding that both claims form part of the same case or controversy. Both claims center on Defendants' alleged efforts to avoid their contractual obligations under the settlement agreement. (*See* R&R 9–12, ECF No. 33.) Indeed, the protected activity that allegedly spurred Defendants' retaliation is Plaintiff's filing of grievances and lawsuits due to Defendants' alleged breach of the settlement agreement, and the adverse action of transferring Plaintiff to another facility was allegedly taken to avoid Defendants' obligations under the settlement agreement. (*Id.*) The two claims therefore derive from a common nucleus of operative fact and Plaintiff would be expected to try them in one judicial proceeding. Thus, the Court has supplemental jurisdiction over Plaintiff's breach-of-contract claim under 28 U.S.C. § 1367(a). Moreover, the undersigned disagrees that Plaintiff's state-law breach-of-contract claim substantially predominates over the retaliation claim, such that the Court should decline to exercise supplemental jurisdiction under § 1367(c)(2). Nor are there any other compelling reasons to decline jurisdiction under § 1367(c)(4). The undersigned therefore recommends that the Court continue to exercise supplemental jurisdiction over Plaintiff's breach-of-contract claim.

**C.     Defendants are not entitled to judgment on Plaintiff's claim for breach of the settlement agreement.**

"To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019) (quoting *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 104 N.E.3d 1076, 1083 (Ohio Ct. App. 2018)). As noted in the R&R, the undersigned finds that Plaintiff has sufficiently alleged that the settlement agreement is a valid contract, that Plaintiff has performed his

5

obligations under the settlement agreement, that Defendants have breached their obligations by failing to exercise best efforts to make the accommodations related to chapel access, video viewing, and Natsarim volunteers enumerated in the settlement agreement, and that Plaintiff has been injured as a result by the limitations on his ability to practice his religion. (R&R 9–10, ECF No. 33.) The undersigned noted that "Plaintiff's allegations that other religious groups at MCI are accommodated in the manner he is seeking plausibly suggests that Plaintiff's requested accommodations are in line with ODRC policy and that Defendants are not using their best efforts to accommodate him." (*Id.* at 10.)

Similar to their Motion to Dismiss, Defendants argue that the settlement agreement requires much less of Defendants than Plaintiff contends and that any alleged failure to provide Plaintiff's requested accommodations was contractually permissible. But, again similar to their Motion to Dismiss, Defendants' arguments largely rely on facts not included in, or that contradict facts included in, the Amended Complaint or its exhibits. (*See*, *e.g.*, Defs.' Mot. for J. on the Pleadings 5, ECF No. 51 (relying on facts that Plaintiff "conveniently fails to mention"); *id.* at 6 (citing exhibits filed in Plaintiff's prior action referencing events that pre-date the facts underlying Plaintiff's Amended Complaint); *id.* at 8 (implying that other inmates' needs were of higher priority than Plaintiff's under ODRC policy and asserting that "the evidence will show" that Plaintiff took actions preventing Defendants from providing required accommodations); *id.* at 9 (relying on the transferee facility's in-house TV station); *id.* at 10 (asserting that Plaintiff failed to provide notice of the timing of holy days as contractually required)). Because these assertions create issues of material fact as to Plaintiff's allegations, the undersigned cannot conclude that "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *See Rawe*, 462 F.3d at 526 (cleaned up).

6

Defendants further argue that Plaintiff violated a provision of the settlement agreement requiring Plaintiff, when commencing a new action to enforce the settlement agreement, to "identify the paragraph(s) of the Agreement which he believes Defendants violated." (Settlement Agreement § IV, ECF No. 4-3.) Plaintiff's Amended Complaint identifies §§ 3, 4, 5, and 10 as the sections of the settlement agreement that Defendants allegedly breached. (Am. Compl. 18, n.63, ECF No. 5.) Defendants contend that the settlement agreement requires Plaintiff "to specifically identify which paragraph(s), if any, *each individual Defendant* allegedly breached." (Defs.' MJOP 13, ECF No. 51) (emphasis added.) But the settlement agreement contains no such requirement. Plaintiff's identification of §§ 3, 4, 5, and 10 (governing Defendants' obligation to continue providing religious accommodations in accordance with ODRC policy, and to provide access to the prison chapel and Netzarim volunteers as various circumstances permit) as "the paragraph(s) of the Agreement which he believes Defendants violated" satisfies § IV's requirements in full. Section IV therefore provides no grounds for dismissing Plaintiff's breach-of-contract claim.

**D.      Defendants are not entitled to judgment on Plaintiff's claim for retaliation.**

A First Amendment retaliation claim involves three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). As noted in the R&R, Plaintiff engaged in protected conduct by seeking religious accommodation and by filing, maintaining, and dismissing his suit against Defendants in Lorain County. *See Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) ("Prisoners retain the First Amendment right to the free exercise of their religion.") (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)); *Thaddeus-X*, 175 F.3d

at 391 (inmates have a First Amendment right to file lawsuits challenging their prison conditions).

Plaintiff also identified an adverse action in the form of a facility transfer that allegedly had the effect of depriving him of the settlement agreement's benefits. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013). The undersigned also concluded that a number of other alleged adverse actions (transferring Plaintiff out of the Faith Based Housing Unit; failing to provide Plaintiff with a functional tablet to access the grievance procedure; canceling Messianic religious services and preventing a Messianic volunteer from entering GCI to facilitate Sabbath services; and using chapel porters to harass Plaintiff and fellow congregates) could plausibly deter a person of ordinary firmness from the exercise of his First Amendment rights. *See Thaddeus-X*, 175 F.3d at 396 (quoting with approval *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("'[A]n entire campaign of harassment' was actionable because although it was 'trivial in detail,' it 'may have been substantial in gross.'").

Finally, Defendant Mike Davis's email to several other Defendants suggesting that the settlement agreement was effective only while Plaintiff was housed at GCI, combined with Mr. Mustard's statements implying that Plaintiff's transfer to MCI was for Plaintiff's own benefit in the face of Plaintiff's allegations to the contrary, raises the plausible inference that Plaintiff was transferred to MCI for the purpose of avoiding ODRC's obligations under the settlement agreement. And Plaintiff alleges that the remaining adverse actions occurred in temporal proximity with his maintaining and dismissing (over Defendants' opposition) his Lorain County action. This temporal proximity, in combination with Mr. Davis's and Mr. Mustard's correspondence, sufficiently establishes the required causal connection. *See Maben v. Thelen*,

887 F.3d 252, 268 (6th Cir. 2018). The R&R therefore concluded that Plaintiff stated a claim for First Amendment Retaliation. (R&R 11–13, ECF No. 33.)

Once again, Defendants repeat arguments from their Motion to Dismiss that do not respond to the authority cited in the R&R. It may be true, *e.g.*, that the alleged added burden on Plaintiff's father when visiting Plaintiff in his new facility or allegedly unsanitary conditions do not transform Plaintiff's facility transfer into an adverse action. (*See* Defs.' MJOP 15–17.) But Defendants do not address the binding Sixth Circuit precedent holding that other circumstances surrounding Plaintiff's transfer—*i.e.*, the alleged effect of denying Plaintiff the benefits of the settlement agreement—are, on their own, sufficient to allege an adverse action at the pleadings stage. *See LaFountain*, 716 F.3d at 948. Nor do Defendants address Mr. Davis's email suggesting that Defendants need not adhere to their contractual obligations under the settlement agreement following Plaintiff's transfer to MCI, which raises the plausible inference of a retaliatory motive.

And, once again, Defendants rely on facts not included in, or that contradict facts included in, the Amended Complaint or its exhibits. (*See* Defs.' MJOP 17–18, ECF No. 51) (implying that Plaintiff was transferred to MCI because of his "failure to adjust" while housed at GCI and so that prison officials could "maintain GCI's peaceful management without discouraging him from seeking redress of his grievances"). Because these assertions create issues of fact as to Plaintiff's allegations, the undersigned cannot conclude that "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *See Rawe*, 462 F.3d at 526 (cleaned up).

9

**E.**     **The undersigned cannot conclude that Defendants are entitled to qualified immunity at this time.**

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The determination of whether a government official is entitled to qualified immunity involves two inquiries. *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010). "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id*. (cleaned up). The Court need not consider these inquiries sequentially. *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (citing *Pearson*, 555 U.S. at 236).

As noted above, Plaintiff has sufficiently alleged that Defendants retaliated against him in violation of the First Amendment. Thus, Plaintiff has made the necessary showing at this stage that a constitutional violation occurred. As to the "clearly established" inquiry, the undersigned finds that the multitude of factual disputes about Plaintiff's and Defendants' actions and motivations make it impractical to decide at this stage whether the alleged violation in this case was clearly established. *See Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758–59 (6th Cir. 2022) (noting the "general preference" that analysis of the "clearly established" prong be deferred until after discovery); *Crawford v. Tilley*, 15 F.4th 752, 765 (6th Cir. 2021) ("Dismissing for qualified immunity on this ground is sometimes difficult because the clearly established inquiry may turn on case-specific details that must be fleshed out in discovery."). Accordingly, the undersigned declines to analyze whether Plaintiff's alleged constitutional

10

violation was clearly established at the pleadings stage, and Defendants are therefore not entitled
to judgment on the pleadings on grounds of qualified immunity.

## IV.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if
the movant shows that there is no genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial
burden of proving that no genuine issue of material fact exists, and the court must draw all
reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air
Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.*
Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's
assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that
there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn
in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply
show that there is some metaphysical doubt as to the material facts, . . . there must be evidence
upon which a reasonable jury could return a verdict in favor of the non-moving party to create a
genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th
Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c)
(requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of
materials in the record"). "When a motion for summary judgment is properly made and
supported and the nonmoving party fails to respond with a showing sufficient to establish an

11

essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

**B.      Analysis**

As explained above in reference to Defendants' Motion for Judgment on the Pleadings,

there are myriad genuine issues of material fact relevant to Plaintiff's retaliation and breach of

contract claims that prevent the Court from granting summary judgment or judgment on the

pleadings to either party at this stage. Because Plaintiff cannot carry his "initial burden of

proving that no genuine issue of material fact exists," he is not entitled to summary judgment.

## V.      DISPOSITION

For the reasons above, Plaintiff's Motion to Strike (ECF No. 58) and Plaintiff's Motion

for Appointment of Counsel (ECF No. 63) are **DENIED**. Plaintiff's Motion to Compel

Discovery (ECF No. 63) is **DENIED AS MOOT**. It is **RECOMMENDED** that both

Defendants' Motion for Judgment on the Pleadings (ECF No. 51) and Plaintiff's Motion for

Partial Summary Judgment (ECF No. 68) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE