UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRADY KRZYWKOWSKI,

       Plaintiff,

    v.

GARY MOHR, *et al.*,

       Defendants.

Civil Action 2:24-cv-3902
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, sues a number of employees of the Ohio Department of Rehabilitation and Correction for breach of a settlement agreement protecting Plaintiff's religious accommodations and for retaliation in violation of the First Amendment. This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 104.) For the reasons below, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

### I.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.*

Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## II.      ANALYSIS

Plaintiff alleges that Defendants breached a settlement agreement concerning Plaintiff's religious accommodations and transferred him to a different facility, both to avoid their contractual obligations and to retaliate against Plaintiff for exercising his First Amendment rights.[1] (Am. Compl., ECF No. 5.)

On August 28, 2025, Plaintiff filed a Motion for Summary Judgment. (ECF No. 104.) Plaintiff's Motion relies entirely on factual admissions that Plaintiff contends Defendants made

---

[1] The undersigned incorporates by reference the more detailed recitation of the facts underlying Plaintiff's claims contained in the October 22, 2024 Report and Recommendation (ECF No. 33).

when they failed to timely respond to Plaintiff's Requests for Admissions under Federal Rule of Civil Procedure 36(b). However, Defendants assert, and Plaintiff does not contest, that Defendants eventually served their responses to Plaintiff's Requests for Admissions. (Defs.' Mem. in Opp'n, ECF No. 106; Pl.'s Reply, ECF No. 126.) Under these circumstances, the Court permits withdrawal of Defendant's admissions because "it would promote the presentation of the merits of the action" and "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see also Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009) ("Allowing Plaintiffs to withdraw their admissions will promote the presentation of the merits of the action and, as a general rule, the Court prefers to decide a case on its merits rather than on a technicality.").

Moreover, the Court recently afforded Plaintiff additional time to meet and confer with Defendants about any remaining deficiencies in their discovery responses before having to respond to Defendants' cross-motion for summary judgment. (Dec. 17, 2025 Order, ECF No. 138.) The Court therefore cannot discern any prejudice that would befall Plaintiff by permitting withdrawal of any facts deemed admitted under Rule 36(b).

Because Plaintiff points to no evidence in the record other than Defendants' now-withdrawn admissions, Plaintiff cannot establish the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Accordingly, Plaintiff's motion for summary judgment must be denied.

### III.    DISPOSITION

For these reasons, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 104) be **DENIED**.

3

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE